IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stacy Blaszak,  )  <br>      Plaintiff,  ) <br>  ) <br>      v.  ) <br>  ) <br> Kane County Sheriff's Deputies James  ) <br> Thrun, Ryan Rojkowski, and Kyle  ) <br> Quinn, and Kane County,  ) <br>      Defendants.  ) | No. 19 C 7115 <br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss the complaint [7] is granted. Civil case terminated.

## STATEMENT

On March 19, 2019, Plaintiff's neighbor, Freda Payne, was awarded an emergency stalking no-contact order against Plaintiff. On March 28, 2019, Plaintiff petitioned the court for an emergency order of protection against Payne. The court directed Plaintiff to send Payne a notice of filing and presentment of the emergency order of protection, which Plaintiff did. On April 1, 2019, Payne received a pink slip from the United States Postal Service indicating that delivery of a large envelope from Plaintiff was attempted. Payne called the Kane County Sheriff's Office and filed a report against Plaintiff for violating the March 19, 2019 no-contact order. Later that same day, when Defendants went to Plaintiff's home, she showed Defendants the March 28, 2019 court order directing Plaintiff to send Payne the notice of filing and presentment regarding Plaintiff's request for an order of protection. Defendants subsequently arrested Plaintiff, who alleges Defendants did so without probable cause. Plaintiff was released from jail the following morning, when the charges were dismissed. Plaintiff alleges false arrest (Count I) and unlawful detention (Count II) pursuant to 42 U.S.C. § 1983 and a state-law claim of false imprisonment (Count III).

Defendants move to dismiss all three counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), contending that they had probable cause for the arrest. "Courts look to the totality of the facts and circumstances known to the officer at the time of the arrest to determine whether the officer had probable cause to make the arrest." *Murawski v. Reid*, 375 F. Supp. 3d 998, 1003 (N.D. Ill. 2019). "Given the totality of the circumstances, courts ask whether a reasonable, prudent person in the officer's position would believe that the arrestee had committed, was committing, or was about to commit a crime, giving rise to probable cause and justifying an arrest." *Id*. The probable cause standard "'does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable.'" *Chvatik v. Stoychoff*,

18 C 515, 2019 WL 3350047, at *2 (W.D. Wis. July 25, 2019) (citation omitted). "[P]robable cause is an absolute defense to any claim under 42 U.S.C. § 1983 against a police officer for falsely arresting the plaintiff." *Dewar v. Chi. Police Dep't*, 16 C 2287, 2019 WL 214932, at *3 (N.D. Ill. Jan. 16, 2019). Probable cause is also a defense to a state-law claim of false imprisonment. *See Elder v. Dart*, 14 C 6495, 2015 WL 509555, at *4 (N.D. Ill. Feb. 4, 2015).

Defendants assert that the officers had probable cause at the time they arrested Plaintiff based on the active stalking no-contact order, which prohibited Plaintiff from having any direct or indirect contact, including by mail, with Payne. Plaintiff responds that the officers improperly ignored the full context of the facts and circumstances before them, given that Plaintiff showed them the court order directing her to "send [Payne] notice of filing and presentment of the [emergency order of protection] on [the relevant] date." (Defs.' Mot. Dismiss, Dkt., #7, Ex. D, 3/28/19 Order.) But, "it is not a police function to 'sort[ ] out conflicting testimony and asses[s] the credibility of putative victims and witnesses . . . .'" *Dollard v. Whisenand*, 946 F.3d 342, 360 (7th Cir. 2019) (citation omitted). Even assuming the truth of the allegation that Plaintiff showed the officers the order directing her to send notice to Payne, the officers were in no position to determine whether the order shown to them by Plaintiff was legitimate or which order took precedence. "[O]nce probable cause . . . exist[s], a police officer is under no obligation to weigh evidence against that conclusion[;] [i]f a witness says he saw you rob the bank, there is probable cause to arrest you even if your co-workers offer alibi evidence." *Kubis v. Heslup*, 08 C 4894, 2009 WL 799492, at *3 (N.D. Ill. Mar. 25, 2009). "It is reasonable for officers to conclude a literal violation of the terms of the order occurred and determine that the courts should decide whether or not to accept [the plaintiff's] innocent explanation." *Id.*

Because Plaintiff fails to state a claim for false arrest, unlawful detention or state-law false imprisonment, Defendants' motion to dismiss is granted.

**Date**: February 12, 2020

_____
**Ronald A. Guzmán**
**United States District Judge**